1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston (SBN 255622)
2  Matthew C. Salmonsen (SBN 302854)
   CONSUMER LAW CENTER, INC.
3  1435 Koll Circle, Suite 104
   San Jose, California  95112-4610
4  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
5  Email Address: fred.schwinn@sjconsumerlaw.com

6  Nathaniel Bigger (SBN 262064)
7  LAW OFFICES OF NATHANIEL BIGGER
   540 Pacific Avenue
8  San Francisco, CA  94133-4608
   Telephone Number: (415) 295-4735
9  Facsimile Number: (415) 920-1750
   Email Address: nate_bigger@yahoo.com
10
   Attorneys for Plaintiff
11 KEVIN JOHN EDELBROCK
   and NINA ERIN BERKSON
12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KEVIN JOHN EDELBROCK and NINA ERIN BERKSON, on behalf of themselves and all others similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| v. | 15 United States Code §§ 1692-1692p |
| SHEPPARD – UZIEL LAW FIRM, a general partnership; ROBERT J. SHEPPARD, individually and in his official capacity; JAMIE C. UZIEL, individually and in his official capacity; and JEROD L. HENDRICKSON, individually and in his official capacity, | |
| Defendants. | |

Plaintiffs, KEVIN JOHN EDELBROCK and NINA ERIN BERKSON, on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs"), based on information and belief and

investigation of counsel, except for those allegations which pertain to the named Plaintiffs or their attorneys (which are alleged on personal knowledge), hereby make the following allegations:

## I. INTRODUCTION

1. This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiffs, KEVIN JOHN EDELBROCK and NINA ERIN BERKSON, on behalf of themselves and all persons similarly situated, seek declaratory judgment and statutory damages against Defendants arising from Defendants' routine practice of using collection notices, like the one sent to Plaintiffs, which fail to provide notices required by the FDCPA.

## II. JURISDICTION

2. Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and 15 U.S.C. §1692k(d). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

## III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Francisco

County.

## V. PARTIES

6. Plaintiff, KEVIN JOHN EDELBROCK ("EDELBROCK"), is a natural person residing in San Francisco County, California. At all times material hereto, EDELBROCK and each member of the class he seeks to represent, were and are each a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff, NINA ERIN BERKSON ("BERKSON"), is a natural person residing in San Francisco County, California. At all times material hereto, BERKSON and each member of the class she seeks to represent, were and are each a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant, SHEPPARD – UZIEL LAW FIRM (hereinafter "LAW FIRM"), is a general partnership engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 423 Washington Street, Suite 200, San Francisco, California 94111. LAW FIRM may be served as follows: Sheppard – Uziel Law Firm, c/o Robert J. Sheppard, General Partner, 423 Washington Street, Suite 200, San Francisco, California 94111 and as follows: Sheppard – Uziel Law Firm, c/o Jamie C. Uziel, General Partner, 423 Washington Street, Suite 200, San Francisco, California 94111. The principal business of LAW FIRM is the collection of defaulted consumer debts using the mails, telephone, and internet, and LAW FIRM regularly attempts to collect defaulted consumer debts alleged to be due another. LAW FIRM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant, ROBERT J. SHEPPARD (hereinafter "SHEPPARD"), is a natural person and licensed attorney in the state of California, and is or was a general partner of LAW FIRM at all relevant times. SHEPPARD may be served at his current business address at: Robert J. Sheppard,

Sheppard – Uziel Law Firm, 423 Washington Street, Suite 200, San Francisco, California 94111. SHEPPARD is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet. SHEPPARD is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Plaintiffs are informed and believe, and thereon allege that SHEPPARD is liable for the acts of LAW FIRM because he is a general partner of LAW FIRM, he sets and approves LAW FIRM's collection policies, practices, procedures, and he directed and participated in the unlawful activities described herein.

10. Defendant, JAMIE C. UZIEL (hereinafter "UZIEL"), is a natural person and licensed attorney in the state of California, and is or was a general partner of LAW FIRM at all relevant times. UZIEL may be served at his current business address at: Jamie C. Uziel, Sheppard – Uziel Law Firm, 423 Washington Street, Suite 200, San Francisco, California 94111. UZIEL is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet. UZIEL is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Plaintiffs are informed and believe, and thereon allege that UZIEL is liable for the acts of LAW FIRM because he is a general partner of LAW FIRM, he sets and approves LAW FIRM's collection policies, practices, procedures, and he directed and participated in the unlawful activities described herein.

11. Defendant, JEROD L. HENDRICKSON (hereinafter "HENDRICKSON"), is a natural person and licensed attorney in the state of California, and is or was an employee and agent of LAW FIRM at all relevant times. HENDRICKSON may be served at his current business address at: Jerod L. Hendrickson, Sheppard – Uziel Law Firm, 423 Washington Street, Suite 200, San Francisco,

California 94111. The principal purpose of HENDRICKSON's business is the collection of defaulted consumer debts due or alleged to be due another. HENDRICKSON is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet. HENDRICKSON is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Plaintiffs are informed and believe, and thereon allege that HENDRICKSON is liable for the acts of LAW FIRM because he sets and approves LAW FIRM's collection policies, practices, procedures, and he directly participated in the unlawful activities described herein.

12. At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint. Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

## VI. FACTUAL ALLEGATIONS

13. On or about June 22, 1995, Plaintiffs incurred a financial obligation, namely a residential rental account with their landlord, Martha Hoffman (hereinafter "the debt"). The debt was incurred primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. Plaintiffs are informed and believe, and thereon allege, that sometime after they defaulted on the residential rental account with Martha Hoffman, the debt was consigned, placed, or otherwise assigned to LAW FIRM for the purposes of collection from Plaintiffs.

15. On or about July 9, 2019, Defendants posted and mailed a written collection notice

to Plaintiffs, which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. A true and accurate copy of the collection notice from Defendants to Plaintiffs is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17. The collection notice (Exhibit "1") was the first written communication from Defendants to Plaintiffs in connection with the collection of the defaulted debt owed to Martha Hoffman.

18. The collection notice (Exhibit "1") states in relevant part as follows:

> **NOTICE IS FURTHER GIVEN** that unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after the receipt of this Notice, the debt will be assumed to be valid.

19. The collection notice (Exhibit "1") misrepresents the consequences for failing to dispute the debt and the extent to which the debt may be assumed to be valid, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(3).[1]

20. The collection notice (Exhibit "1") states in relevant part as follows:

> **NOTICE IS FURTHER GIVEN** that if you dispute this debt, or any portion thereof, notify the undersigned in writing within the thirty (30) day period. Upon timely receiving your dispute letter, verification of the debt will be obtained from your Landlord and a copy of such verifying information will be mailed to you. Please address your dispute to the Sheppard-Uziel Law Firm, 423 Washington Street, Ste. 200, San Francisco, California 94111, and clearly indicate or explain why you dispute the validity of this debt.

21. The collection notice (Exhibit "1") misrepresents Plaintiffs' right to dispute the validity of the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4).[2]

---

[1] See generally, *Orr v. Westport Recovery Corp.*, 941 F. Supp. 2d 1377, 1381-1382 (N.D. Ga. 2013) ("The court concludes that defendants' failure to include 'by the debt collector' or its equivalent is sufficient to allege a claim for which relief may be granted.").

[2] See Generally, *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 162 (2d Cir. 2001) ("The consumer's right to take the position, at least initially, that the debt is disputed does not depend on whether the consumer has a valid reason not to pay."); *Sambor v. Omnia Credit Servs., Inc.*, 183 F. Supp. 2d 1234, 1240 (D. Haw. 2002) (holding that the "suitable dispute documentation" language in a collection letter

22. The collection notice (Exhibit "1") demands payment within three (3) days thereby overshadowing and rendering the 30-day validation notice ineffective, in violation of 15 U.S.C. § 1692g.[3]

## VII.  DEFENDANTS' ROUTINE PRACTICES

23. It is the standard practice and policy of Defendants to use collection notices in the form of Exhibit "1" which misrepresent the consequences to the alleged debtor for failing to dispute the debt and the extent to which the debt may be assumed to be valid.

24. It is the standard practice and policy of Defendants to use collection notices in the form of Exhibit "1" which misrepresent the right to dispute the validity of the debt by requiring the alleged debtor to explain the reasons for their dispute.

25. It is the standard practice and policy of Defendants to use collection notices in the form of Exhibit "1" which demand payment within three (3) days thereby overshadowing and rendering the 30-day validation notice ineffective.

## VIII.  CLASS ALLEGATIONS

26. Plaintiffs brings this action on behalf of a Class of all other persons similarly situated, pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

27. Plaintiffs tentatively define the Class as (i) all persons residing in California, (ii) who were served by Defendants with a collection notice in the form of Exhibit "1", (iii) in an attempt to collect a debt incurred for personal, family, or household purposes, (iv) during the period beginning one year prior to the date of filing this matter through the date of class certification.

---

violated § 1692g(a)(3) of the FDCPA).

[3]  See generally, *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 90 (2d. Cir. 2008) ("Overshadowing occurs when a debt collector sends a consumer the statutorily required notice regarding validation under section 1692g, but includes other language that contradicts the information in the statutorily required notice to such an extent that it would make 'the least sophisticated consumer uncertain as to her rights.'").

- 7 -
CLASS ACTION COMPLAINT

28. The Class is so numerous that joinder of all members is impractical. On information and belief, collection notice in the form of Exhibit "1" have been sent to hundreds or thousands of California Class members.

29. There are questions of law and fact common to the Class, which questions predominate over any questions peculiar to individual Class members. The common questions include:

    a. Whether Defendants are debt collectors;

    b. Whether Defendants use of collection notices in the form of Exhibit "1" misrepresent the consequences to the alleged debtor for failing to dispute the debt and/or the extent to which the debt may be assumed to be valid;

    c. Whether Defendants use of collection notices in the form of Exhibit "1" misrepresent the right to dispute the validity of the debt by requiring the alleged debtor to explain the reasons for their dispute; and

    d. Whether Defendants demand that Plaintiff and the Class pay the debt "within three (3) days" overshadowed, and thus rendered ineffective, the 30-day validation notice.

30. There are no individual questions of law or fact, other than whether a Class member was sent an offending collection notice, which can be determined by ministerial inspection of Defendants' records.

31. Plaintiffs' claims are typical of the Class members in that they allege the same claims asserted on behalf of the Class as a whole.

32. Plaintiffs will fairly and adequately represent and protect the interest of the Class members. Plaintiffs have retained counsel experienced in handling class claims and litigation brought pursuant to the FDCPA. Neither Plaintiffs nor their counsel have any interests which might cause them

not to vigorously pursue this claim. Plaintiffs and their counsel will vigorously pursue this matter.

33. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

34. Prosecution of separate actions by individual Class members creates risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

35. Prosecution of separate actions by individual members of the Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants who are expected to oppose the Class.

36. Questions of law and fact common to the Class members predominate over any questions affecting only individual members, and a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the Class will be effective and appropriate for the entire class; all members of the Class have a right to damages or other relief which may be readily computed in each case or otherwise readily determined.

37. Many of the persons with whom Defendants have dealt, or who were affected by their activities, may not be aware of their rights, or are not in a financial position to assert such rights readily. Because relegation of their claims to individual actions would result in an unreasonable multiplicity of lawsuits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

38. A class action is a superior method for the fair and efficient adjudication of this controversy. Classwide damages are essential to induce Defendants to comply with state and Federal law. The interest of Class members in individually controlling the prosecution of separate claims

against Defendants is small because the maximum statutory damage award on an individual case is $1,000 for violation of the FDCPA. Management of these class claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., for securities fraud.

39. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

40. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## IX.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

41. On behalf of themselves and the Class they seek to represent, Plaintiffs bring the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

42. Plaintiffs incorporate all paragraphs in this Complaint as though fully set forth herein.

43. Plaintiff, EDELBROCK, is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

44. Plaintiff, BERKSON, is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

45. Defendant, LAW FIRM, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

46. Defendant, SHEPPARD, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

47. Defendant, UZIEL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

48. Defendant, HENDRICKSON, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

49. The financial obligation alleged to be owed by Plaintiffs is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

50. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants misrepresented the consequences to Plaintiffs and the Class of failing to dispute the debt and the extent to which the debt may be assumed to be valid, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b. Defendants failed to send Plaintiffs and the Class a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*, or in violation of 15 U.S.C. § 1692g(a)(3);

    c. Defendants misrepresented Plaintiffs' and the Class' right to dispute the validity of the debt by requiring the an explanation the reasons for the dispute, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    d. Defendants failed to send Plaintiffs and the Class a written notice containing a statement that if Plaintiffs/Class members notify Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiffs/Class members, in violation of 15 U.S.C. § 1692g(a)(4); and

   e. Defendants demand that Plaintiff and the Class pay the debt "within three (3) days" overshadowed, and thus rendered ineffective, the 30-day validation notice, in violation of 15 U.S.C. § 1692g.

51. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs and the Class to pay their alleged debts.

52. As a result of Defendants' violations of the FDCPA, Plaintiffs are each entitled to an award of statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i).

53. As a result of Defendants' violations of the FDCPA, the Class is entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to 15 U.S.C. §§ 1692k(a)(2)(B)(ii).

54. As a result of Defendants' violations of the FDCPA, Plaintiffs and the Class are entitled to an award of reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1692k(a)(3).

## X.  REQUEST FOR RELIEF

Plaintiffs request that this Court:

a) Assume jurisdiction in this proceeding;

b) Certify this litigation to proceed as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3);

c) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g, 1692g(a)(3), and 1692g(a)(4);

d) Award each Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i);

e) Award the Class statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Award Plaintiffs and the Class the costs of this action and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

g) Award Plaintiffs and the Class such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

Dated:  September 20, 2019

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
1435 Koll Circle, Suite 104
San Jose, California  95112-4610
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Nathaniel Bigger (SBN 262064)
LAW OFFICES OF NATHANIEL BIGGER
540 Pacific Avenue
San Francisco, CA  94133-4608
Telephone Number: (415) 295-4735
Facsimile Number: (415) 920-1750
Email Address: nate_bigger@yahoo.com

Attorneys for Plaintiffs
KEVIN JOHN EDELBROCK
and NINA ERIN BERKSON

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, KEVIN JOHN EDELBROCK and NINA ERIN BERKSON, hereby demand a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## THREE (3) DAY NOTICE TO PAY RENT OR QUIT

TO: <u>KEVIN JOHN EDELBROCK, NINA ERIN BERKSON, and DOES I to X</u>,
and all other occupants claiming a right to possession of:

PREMISES:  1750 Waller Street (Lower Flat)
San Francisco, CA 94117
(and all rented garage and storage spaces, if any)



EXHIBIT 1

YOU ARE HEREBY NOTIFIED that the rent is now due and payable on the premises now held and occupied by you, being those premises situated in the City of San Francisco, County of San Francisco, State of California, commonly known as <u>1750 Waller Street (Lower Flat)</u>.

Your account is delinquent in the amount of <u>$8,700.00</u>* being the rent for the periods:

| FROM: | TO: | AMOUNT DUE: |
|---|---|---|
| May 1, 2019 | May 31, 2019 | $2,900.00 |
| June 1, 2019 | June 30, 2019 | $2,900.00 |
| July 1, 2019 | July 31, 2019 | $2,900.00 |

*This Three (3) Day Notice to Pay Rent or Quit does not waive any other unpaid rent for 1750 Waller Street (Lower Flat), San Francisco, California, which you may owe to your Landlord, Martha Hoffman.

YOU ARE HEREBY REQUIRED to pay said rent in full within three (3) days or to remove yourself from and deliver up possession of the above-mentioned premises to <u>Martha Hoffman c/o the Sheppard – Uziel Law Firm</u>, which is located at <u>423 Washington Street, Suite 200, San Francisco, CA 94111</u>, and which is authorized to receive same, being those premises situated in the City of San Francisco, County of San Francisco, State of California, commonly known as <u>1750 Waller Street (Lower Flat)</u>. If you fail to do so, legal proceedings will be instituted against you to recover said premises and such damages, costs, and attorney's fees as the law allows.

You must pay the rent demanded by delivering it to <u>Jerod Hendrickson of the Sheppard – Uziel Law Firm</u> which is located at <u>423 Washington Street, Suite. 200, San Francisco, California 94111</u>. The Sheppard – Uziel Law Firm's telephone number is <u>(415) 296-0900</u>. The Sheppard – Uziel Law Firm is available to receive the rent demanded in this Notice from 9:00 a.m. through 5:30 p.m. Monday through Friday or by appointment. If Jerod Hendrickson is not available, then you can deliver the payment to any other employee present.

YOU ARE FURTHER NOTIFIED that the Landlord does hereby elect to declare the forfeiture of the lease agreement under which possession of the above-described premises is held, if you fail to timely pay the rent as stated above.

LANDLORD AND THIS NOTICE COMPLY WITH SAN FRANCISCO ADMINISTRATIVE CODE CHAPTER 37, SECTION 37.9(a), SUBSECTION (1), ENACTED IN 1979, AND AMENDED THEREAFTER, IN THAT:

"The tenant: Has failed to pay the rent to which the landlord is lawfully entitled under the oral or written agreement between the tenant and landlord…"

1

THREE (3) DAY NOTICE TO PAY RENT OR QUIT

If you fail to pay the rent as demanded in this Notice, your failure to timely pay the demanded rent is your Landlord's dominant motive for recovering possession of the above-described premises, 1750 Waller Street (Lower Flat), San Francisco, California 94117.

Advice regarding this Notice is available from the San Francisco Residential Rent Stabilization and Arbitration Board, located at 25 Van Ness Avenue, Suite 320, San Francisco, California, (415) 252-4602.

Further, **NOTICE IS HEREBY GIVEN** that under the Federal Fair Debt Collection Practices Act ("Act"), past due rent obligations are considered "consumer debts." You owe past due rent in the amount of $8,700.00 as stated above. Under California Law (Civil Code Section 1785.26) failure to pay your past due rent obligation may be reported to a consumer credit reporting agency which may adversely affect your ability to obtain or maintain credit.

**NOTICE IS FURTHER GIVEN** that the name of the creditor who is claiming that you owe this debt is your Landlord, Martha Hoffman.

**NOTICE IS FURTHER GIVEN** that unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after the receipt of this Notice, the debt will be assumed to be valid.

**NOTICE IS FURTHER GIVEN** that if you dispute this debt, or any portion thereof, notify the undersigned in writing within the thirty (30) day period. Upon timely receiving your dispute letter, verification of the debt will be obtained from your Landlord and a copy of such verifying information will be mailed to you. Please address your dispute to the Sheppard – Uziel Law Firm, 423 Washington Street, Ste. 200, San Francisco, California 94111, and clearly indicate or explain why you dispute the validity of this debt.

**NOTICE IS FURTHER GIVEN** that upon receipt of your written request within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditors as mentioned herein.

**NOTICE IS FURTHER GIVEN** that the California Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm

///

///

///

///

your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

*Jerod Hendrickson*
By: JEROD HENDRICKSON, ESQ.
Sheppard – Uziel Law Firm
423 Washington Street, Suite 200
San Francisco, CA 94111
(415) 296-0900, Ext. 27
Attorneys for Landlord